**STATE of Iowa, Appellant,**

v.

**Veryl Leonard FINK, Appellee.**

**No. 68293.**

Supreme Court of Iowa.

Feb. 16, 1983.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellant.

Robert C. Andres, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and CARTER, JJ.

HARRIS, Justice.

Defendant moved to dismiss this charge of public intoxication, Iowa Code § 123.46 (1981), because he was not taken to a detoxification center, § 125.34. The sole question for our review is the magistrate's ruling which sustained the motion. We agree that the charge should not have been dismissed and hence reverse.

According to the stipulated facts defendant was intoxicated and in public. The arresting officer did not offer to take defendant to any emergency treatment facility provided in § 125.34:

> An intoxicated person may come voluntarily to a facility for emergency treatment. A person who appears to be intoxicated or incapacitated by a chemical substance in a public place and in need of help shall be taken to a facility by a peace officer. If the person refuses the proffered help, the person may be arrested and charged with intoxication.

In the officer's judgment defendant was not in need of emergency medical or detoxification help. The magistrate found that the officer's opinion was a "valid one," but went on to hold the officer was not qualified to formulate such an opinion. He held the officer should have offered to take the defendant to the detoxification center.

This interpretation of § 125.34(1) was erroneous. The section plainly provides two requirements, both of which must be met before a police officer is required to take a person to a detoxification center: (1) the person must appear "to be intoxicated or incapacitated by a chemical substance in a

public place," and (2) the intoxicated person must appear to be "in need of help." The first of the two requirements existed here but the second did not.

Our conclusion is supported by § 125.-40(3) which states in part: "Nothing in this chapter affects any law ... involving the ... use of alcoholic beverages or beer at stated times and places ...." The trial court erred in its interpretation of § 125.34 and in dismissing the prosecution.

REVERSED.